**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DAWIT SOLOMUN SINU,

     Petitioner,

v.

                                 Case No. 1:26-cv-01651-MIS-JHR

WARDEN, Cibola County Correctional
Center; MARKWAYNE MULLIN,
Secretary, U.S. Department of Homeland
Security; ATTORNEY GENERAL OF THE
UNITED STATES; EL PASO FIELD
OFFICE DIRECTOR FOR IMMIGRATION
AND CUSTOMS ENFORCEMENT; and
ACTING DIRECTOR, U.S. Immigration and
Customs Enforcement,

     Respondents.

## <u>ORDER DENYING WITHOUT PREJUDICE AMENDED PETITION FOR WRIT OF HABEAS CORPUS</u>

THIS MATTER is before the Court on Petitioner Dawit Solomun Sinu's Amended Petition for Writ of Habeas Corpus ("Amended Petition"), ECF No. 1, filed May 21, 2026.  The federal Respondents filed a Response on June 3, 2026 ("Response"),[1] ECF No. 6.  Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Petition without prejudice.

## I.    Background

Petitioner is a citizen of Ethiopia.  Am. Pet. ¶ 1.  According to Respondents, Petitioner entered the United States without inspection near Tecate, California on February 20, 2025.  Resp.

---

[1]    The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 2.  However, as has become customary in these cases, the Warden did not respond to the Petition.

at 2.  The same day, a Border Patrol agent apprehended Petitioner and placed him in immigration detention.  Id.; Am. Pet. ¶ 2.  Petitioner was processed for expedited removal but was later placed into removal proceedings under Section 240 of the Immigration and Nationality Act ("INA").  Resp. at 2.  He is currently detained at the Cibola County Correctional Center in Milan, New Mexico.  Am. Pet. ¶ 8.

On December 8, 2025, an Immigration Judge found Petitioner inadmissible under Section 212(a)(7)(A)(i)(I) of the INA and ordered him removed to Ethiopia.  Id. ¶ 3; Resp. at 2.  Petitioner's appeal of the Removal Order is currently pending before the Board of Immigration Appeals.  Am. Pet. ¶ 3; Resp. at 2.

On April 20, 2026, Petitioner filed his first Petition for Writ of Habeas Corpus in a case that was assigned to United States District Judge Kea Riggs ("Original Petition").  Sinu v. Warden, Case No. 1:26-cv-01196-KWR-GJF, ECF No. 2 (D.N.M. Apr. 20, 2026) ("Sinu I").  Therein, Petitioner argued that his detention without an individualized bond hearing violated the INA, 8 U.S.C. § 1226(a), id. ¶¶ 18-19, and the Due Process Clause of the Fifth Amendment, id. ¶¶ 20-23.

On May 6, 2026, Judge Riggs issued an Order denying Petitioner's Original Petition.  Sinu I, ECF No. 8.  Specifically, Judge Riggs found that "at the time of his detention at or near the border, he was clearly an arriving alien or seeking admission into the United States under 8 U.S.C. § 1225(b)[,]" and therefore Petitioner is "mandatorily detained under § 1225(b)."  Id. at 1.  Judge Riggs explicitly noted that "Petitioner does not expressly challenge his detention as prolonged, or argue how his prolonged detention violates due process or entitles him to release or a bond hearing despite being mandatorily detained under § 1225(b)[,]" id. at 3; observed that "Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy[,]" id. (citations omitted); and stated that Petitioner is "responsible for asserting his own arguments and claims, and the Court

2

declines to sua sponte raise or analyze a hypothetical constitutional claim which was not asserted or briefed[,]" id. at 4 (citations omitted).

On May 21, 2026, Petitioner filed the instant Amended Petition, ECF No. 1, which is virtually identical to the Original Petition.[2]  On June 3, 2026, the federal Respondents filed a Response.  ECF No. 6.

## II.     Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus.  Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)).  "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody."  Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

---

[2]        The only differences between the Original Petition and the Amended Petition that the Court can discern are: (1) the Amended Petition fixes a typographical error in Paragraph 1; (2) the Original Petition names Kristi Noem as a Respondent in her official capacity as the Secretary of the U.S. Department of Homeland Security while the Amended Petition names Markwayne Mullin (misspelled as "Mullen") as a Respondent in the same capacity; and (3) the Original Petition names Pam Bondi as a Respondent in her official capacity as Attorney General of the United States while the Amended Petition names Todd Blanche as a Respondent in the same capacity.

### III.    Discussion

Petitioner argues that he is "entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a)" and Respondents failure to provide him one violates the INA and the Fifth Amendment's Due Process Clause.  Am. Pet. ¶¶ 18-23.  Respondents argue that Petitioner is an "applicant for admission subject to mandatory detention under 8 U.S.C. § 1225(b)[,]" Resp. at 6, and his "continued detention pending a final order of removal is both lawful and mandatory," id. at 7.

The Court agrees with Respondents.  As Judge Riggs explained in her Order denying Petitioner's Original Petition:

> It is clear that Petitioner is mandatorily detained under 8 U.S.C. § 1225(b). Petitioner was apprehended shortly after unlawfully crossing the border, and he has been detained since his initial arrest. Under the Immigration and Nationality Act ("INA"), two statutes generally govern a noncitizen's detention pending a final order of removal: §§ 1225 and 1226. See Jennings v. Rodriguez, 583 U.S. 281, 289 (2018). Section 1225(b)(1) mandates detention for certain arriving aliens. Section 1225(b)(2)(A), which also mandates detention, applies when "an applicant for admission" is "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." § 1225(b)(2)(A). Generally, "§§ 1225(b)(1) and (b)(2) mandate detention of aliens throughout the completion of applicable proceedings and not just until the moment those proceedings begin." Jennings v. Rodriguez, 583 U.S. 281, 302 (2018). Here, Petitioner's detention clearly falls under § 1225(b), as he was detained soon after crossing the border. He has remained detained since his initial arrest at the border, and no party asserts that he was ever paroled or released into the United States. He is either an arriving alien detained under § 1225(b)(1), or he was seeking admission into the United States under § 1225(b)(2)(A). Therefore, Petitioner is mandatorily detained under § 1225(b) and he is not entitled to a bond hearing.[3]

Sinu I, ECF No. 8 at 2-3 (footnote in original).  The Court adopts this analysis.

The Court also joins Judge Riggs in observing that "Petitioner does not expressly challenge his detention as prolonged, or argue how his prolonged detention violates due process or entitles him to release or a bond hearing despite being mandatorily detained under § 1225(b)." Id. at 3.

---

[3]     No party asserts that 8 U.S.C. § 1231 applies at this time. Although a removal order was issued, it is not final as an appeal remains pending.

Had Petitioner properly raised this argument, the Court may have been persuaded that his detention—now exceeding fifteen months—violates his substantive due process rights. See Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1-2 (D.N.M. Apr. 21, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026). However, as Judge Riggs noted, "Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy[,]" Sinu I, ECF No. 8 at 3 (citations omitted); "Petitioner is also responsible for asserting his own arguments and claims, and the Court declines to sua sponte raise or analyze a hypothetical constitutional claim which was not asserted or briefed[,]" id. at 4 (citations omitted).

The Court will deny the Amended Petition without prejudice to Petitioner filing a second amended petition that asserts new bases for habeas relief, if appropriate.

## IV.    Conclusion

Therefore, it is **HEREBY ORDERED** that Petitioner Dawit Solomun Sinu's Amended Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED without prejudice**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE